IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILIP J. VONVILLE, | : | Civil No. 1:20-CV-02307 |
| Petitioner, | : | |
| v. | : | |
| GARY HAIDLE, | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

### **MEMORANDUM**

Petitioner, Philip J. Vonville ("Petitioner" or "Vonville"), a self–represented pretrial detainee confined at the Monroe County Correctional Facility in Stroudsburg, Pennsylvania, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and a motion for special injunction, challenging his pretrial denial of bail, the Commonwealth's spoliation of exculpatory evidence, and the denial of his right to self-representation at his June 2021 homicide trial.[1] (Docs. 1 and 4.) For the following reasons the court will deny Vonville's habeas petition and motion for special injunctive relief.

---

[1] An electronic search via the Unified Judicial System of Pennsylvania Web Portal, https://ujsportal.pacourts.us/DocketSheets/CP.aspx (last visited Feb. 7, 2021), indicates that Vonville has three criminal actions pending in the Court of Common Pleas of Monroe County, CP-45-CR-0001708-2009, CP-45-MD-0000167-2020, and CP-45-CR-0000712-2020. Based on the information revealed in his habeas petition, it appears the instant habeas relates exclusively to CP-45-CR-0001708-2009.

## PROCEDURAL HISTORY

On July 13, 2010, Vonville was convicted by a Monroe County Court of Common Pleas jury of third-degree murder, 18 Pa. C.S. § 2502(c), for the stabbing death of Christopher Hernandez. He was sentenced to a term of twenty to forty years' imprisonment in a state correctional institution. Vonville's judgment of sentence was affirmed by the Pennsylvania Superior Court on November 11, 2011. He did not file an appeal to the Pennsylvania Supreme Court. He then filed a timely post–conviction petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Const. Stat. § 9541, *et seq.* His petition was denied on October 9, 2012. *Pennsylvania v. Vonville*, No. 1708CR2009, 2012 WL 9516079 (Pa. Com. Pl. Oct. 9, 2012). The Superior Court affirmed the denial of the petition on September 19, 2013. The Pennsylvania Supreme Court denied his petition for allowance of appeal on April 29, 2014. *Commonwealth v. Vonville*, No. 2993 EDA 2012, 2013 WL 11253765 (Pa. Super. Sept. 2013), *aff'd,* 625 Pa. 643, 89 A.3d 1285 (Pa. 2014) (Table, 773 MAL 2013).

On August 7, 2014, Vonville filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. A Federal Public Defender was appointed to represent Vonville. On November 5, 2018, Magistrate Judge Martin Carlson issued a report and recommendation finding:

> Vonville's procedural defaults should be excused. We further conclude that the fundamental, structural error in the jury instructions in this case, which permitted the jury

> to draw an adverse inference regarding Vonville's intent from Vonville's silence after the trial court's evidentiary rulings silenced Vonville's other witnesses, justifies habeas corpus relief for the petitioner. Therefore[,] it is recommended that this petition for writ of habeas corpus be granted.

*Vonville v. Kerestes*, Civil No. 3:14-CV-1582, 2018 WL 7505650, at *6 (M.D. Pa. Nov. 5, 2018), *report and recommendation adopted,* No. 3:14-CV-1582, 2019 WL 1040747 (M.D. Pa. Mar. 5, 2019). The Honorable A. Richard Caputo adopted Magistrate Judge Carlson's Report and Recommendation and conditionally granted Vonville's petition. The court directed the Commonwealth "to retry Vonville within 120 days or release him from custody." *Vonville v. Kerestes*, No. 3:14-CV-1582, 2019 WL 1040747, at *1 (M.D. Pa. Mar. 5, 2019), *appeal dismissed sub nom Vonville v. Sup't Mahanoy SCI*, No. 19-1629, 2019 WL 4668042 (3d Cir. Aug. 13, 2019). The Commonwealth filed an appeal to the United States Court of Appeals for the Third Circuit. On August 13, 2019, per stipulation of the parties, the Third Circuit dismissed the matter pursuant to Fed. R. App. P. 42(b). (*Id.*)

On July 8, 2019, while the Commonwealth's appeal of this court's decision was pending, Vonville was released from state custody. (Doc. 1, p. 4.) At some point he was apprehended in Delaware, arrested, and returned to Pennsylvania after he waived extradition. (*Id.*) In August 2019, Attorney Robert Saurman was appointed to represent Vonville. *See Commonwealth v. Vonville*, CP-45-CR-0001708-2009 (Monroe Cnty. Ct. Com. Pls.) ("criminal docket sheet"). On

3

September 30, 2019, following a hearing, President Judge Worthington denied Vonville's request for nominal bail.  The trial court held that "Defendant is remanded without bail pending appeal as no condition or combination of conditions other than imprisonment will reasonable assure the safety of any person and the community."  *See* Doc. 14, p. 7.[2]  Vonville did not appeal this decision.

On February 18–21, 2020, the Honorable Jonathan Mark presided over Vonville's retrial in the Monroe County Court of Common Pleas.  A mistrial was declared after the jury began deliberations.  *See* Vonville's criminal docket sheet; *see also* Doc. 14, ¶ 6.  On May 20, 2020, Judge Mark held a pretrial conference, at which Vonville appeared via remote conferencing.  (*Id.*, p. 40.)  The trial court, *inter alia*, addressed Vonville's request to replace Attorney Saurman.  The trial court granted Vonville the opportunity to provide testimony in support of his motion to discharge Attorney Saurman.  And then, the trial court denied Vonville's motion, stating "nothing that [the court has] heard, nothing in [Vonville's] motion, and nothing that's been said that rises to the constitutional level" of a breakdown in the attorney client relationship warranting the appointment of new counsel.  (*Id.*, pp. 42–46.)  Vonville did not appeal this decision.  (Doc. 14.)

In September 2020, the trial court continued Vonville's second retrial to February 2021 following the temporary cessation of jury trials due to issues

---

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

4

concerning the coronavirus pandemic.  *See* Vonville's criminal docket sheet.  In October 2020, Vonville filed a motion to represent himself "with or without standby counsel." (*Id*.)  On December 21, 2020, following a virtual pretrial conference, Judge Mark continued Vonville's trial to June 2021 due to the coronavirus pandemic.  (Doc. 14, pp. 8–9.)  After hearing from the parties on the issue, the trial court announced it "will continue to take Defendant's request to represent himself under advisement in accordance with, and for the reasons stated during the discussion today on the record.  The decision in the matter will be made as soon as administratively possible after the legal issues mentioned by the Court are researched."  (*Id*., p. 8.)

    The Commonwealth represents that one of the issues concerning Judge Mark is Vonville's mental health.  (*Id.*, p. 3.)  It was noted that "Petitioner submitted to a mental health evaluation during prior proceedings in this matter, wherein his expert, Richard Fischbein, M.D., opined that Petition 'dissociates when under great stress,' may suffer from PTSD and Bipolar disorder, and 'suffers from a 'paranoid disorder' where he misinterprets the intentions of others.'"  (Doc. 16, ¶ 5.)  "The trial court has taken the matter under advisement in order to, among other things, conduct legal research as to whether defendant is capable of representing himself in light of the aforementioned diagnoses." (*Id.*, ¶ 7.)  To date, no further decision as to the motion is reflected in Vonville's criminal docket.  It is noteworthy that

5

Judge Mark's order also instructed that "[i]n the Order addressing Defendant's motion to represent himself, additional Pretrial Conferences to cover the time period between the date of that Order and the Trial Term will be scheduled so that all logistical issues involved in this case may be discussed in a timely and orderly fashion." (*Id.*, pp. 8–9.)

On December 9, 2020, Vonville filed his petition and motion for injunctive relief.[3] (Docs. 1 and 4.) In his pleadings, Vonville raises the following claims: (1) the Pocono Mountain Regional Police Department's manufacturing the witness statements as well as their failure to analyze (or preserve) exculpatory information from the victim's and Commonwealth witnesses' cell phones that would prove the victim posed an imminent threat to Vonville; (2) the trial court's "erroneously denied" of nominal bail; (3) Judge Johnathan Mark's deliberate delay in ruling of Vonville's motion to proceed self–represented; and (4) Attorney Saurman's failure to act as competent and ethical counsel. Vonville claims the cumulative actions of the trial court, his counsel, and the Pocono Mountain Regional Police Department have "irreparabl[y] damage[d his] constitutional right to a fair trial." (*Id.*, p. 3.) He states he cannot adequately prepare for his trial given these issues. As relief, Vonville seeks his immediate release and an order prohibiting the Commonwealth

---

[3] Vonville states that his "motion for special injunction" is an amendment to his previous "motion for injunction." (Doc. 4.) The court notes that no prior motion for injunction appears on the record.

from further pursuing homicide charges against him, or reasonable bail and the right to represent himself at trial. (Docs. 1 and 4.)

## JURISDICTION

A federal court has the authority under 28 U.S.C. § 2241(c)(3) to grant habeas relief to a state court defendant attempting to challenge the authority of his pretrial detention. *See Moore v. DeYoung*, 515 F.2d 437, 441–42 (3d Cir. 1975); *see also Duran v. Thomas*, 393 F. App'x 3 (3d Cir. 2010). However, § 2241 may not be used to derail a "pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Moore*, 515 F.2d at 445; *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973) (pretrial defendant cannot use § 2241(c) to "adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court.")

## DISCUSSION

In his habeas petition and motion for special injunctive relief, Vonville asks the court to intervene in his ongoing state criminal proceeding, specifically asking this court to order his release and preclude the state court from trying him on the pending homicide charge. (Doc. 1, p. 6.) Vonville's petition must be dismissed under the *Younger* abstention doctrine because of his ongoing criminal proceeding and remaining state court avenues of relief.

Under the *Younger* abstention doctrine, a federal court must abstain from hearing a federal case which interferes with certain state proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971). While the concept of abstention "conflicts with federal courts' 'virtually unflagging' obligation to exercise their jurisdiction," the *Younger* abstention doctrine requires federal courts, in the absence of extraordinary circumstances, to refrain from interfering with certain ongoing state proceedings to "promote comity between the national and state governments." *Malhan v. Sec'y United States Dep't of State*, 938 F.3d 453, 461 (3d Cir. 2019) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (citing *Younger,* 401 U.S. 37 (1971)). This judicially created doctrine is commonly referred to as the *Younger* abstention doctrine. *Younger* abstention only applies to when "the parallel state action falls within one of 'three exceptional categories': (1) criminal prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *Parr v. Colantonio*, No. 19-2967, 2021 WL 375029 (3d Cir. Feb. 3, 2021) (internal quotations omitted) (quoting *Sprint*, 571 U.S. at 78.); *see also PDX North, Inc. v. Comm'r New Jersey Dep't of Labor and Workforce Dev.,* 978 F.3d 871, 882 (3d Cir. 2020) (same). Where the parallel state proceeding falls within one of these categories, a federal court's abstention in favor of a state proceeding is appropriate if the following criteria are met: (1) the state

proceedings are ongoing; (2) the proceedings implicate an important state interest; and (3) the state proceedings provide an adequate opportunity to litigate the petitioner's federal constitutional claims.  *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *see also Malhan*, 938 F.3d at 462 ("Only after a court finds that a proceedings fits one of those [three exceptional categories of cases] should it consider *Middlesex's* additional factors.").

It is evident from Vonville's petition, and his state court criminal docket, that Vonville is involved in an ongoing criminal proceeding in the Monroe County Court of Common Pleas, and any relief granted in this matter would interfere with those proceedings.  The Commonwealth's interest in prosecuting the matter is self–evident and clearly involves an important state interest.  *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."); *see also Baker v. Reitz,* No. CV 3:18-2330, 2018 WL 6574782, at *2 (M.D. Pa. Dec. 13, 2018) ("[S]tate proceedings implicate the important state interest of enforcing its criminal laws.")

Next, there is no record of Vonville filing any appeal to the Pennsylvania Superior Court from any of the decisions issued by the Monroe County Court of Common Pleas that he now asks this court to address.  Vonville is not without state

court avenues of relief; he has simply chosen come to this court prematurely. Because there is relief available to Vonville at the state court level, there is an absence of extraordinary circumstances that would warrant the court's intervention in his ongoing criminal matter. *See Lazaridis v. Wehmer*, 591 F.3d 666, 670-71 (3d Cir. 2010). Thus, out of deference to the state judicial process, it is appropriate for the court to abstain from entertaining Vonville's petition and consequently, his motion for special injunctive relief. Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." *Evans v. Court of Common Pleas, Delaware Cnty., Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992).

## CONCLUSION

For the foregoing reasons, Vonville's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 will be dismissed without prejudice. Because reasonable jurists would not find the disposition of this case debatable, no certificate of appealability will issue. An appropriate order will issue.

s/ Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Court Judge  
Middle District of Pennsylvania

Dated: February 22, 2021